No. 26-3015

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**E.V. and M.F.E.,**
*Petitioners-Appellees,*

v.

**KEVIN RAYCRAFT, Director of the Detroit Field Office for
U.S. Immigration and Customs Enforcement, et al.,**
*Respondents-Appellants.*

On Appeal from the United States District Court
for the Northern District of Ohio, No. 4:25-cv-2069 (Pearson, J.)

## PETITIONERS-APPELLEES' MOTION TO
## HOLD BRIEFING IN ABEYANCE
## AND ALTERNATIVE UNOPPOSED MOTION FOR
## EXTENSION OF TIME TO FILE BRIEF

Pursuant to Federal Rules of Appellate Procedure 26(b) and 27, Petitioners-

Appellees E.V. and M.F.E. ("Petitioners") respectfully move the Court to hold

briefing in this appeal in abeyance pending the D.C. Circuit's decision in *Coalition*

*for Humane Immigrant Rights v. Noem*, No. 25-5289 (D.C. Cir.) ("*CHIRLA*"),

which was argued on March 16, 2026 and is awaiting decision. The central

question in *CHIRLA*—whether the government may apply expedited removal

under 8 U.S.C. § 1225(b)(1) to noncitizens who were paroled into the United

States—is the same question presented by the government's appeal here. Counsel for Petitioners has conferred with counsel for Respondents-Appellants, who oppose this motion.

In the alternative, Petitioners respectfully request a fourteen-day extension of time, through and including June 26, 2026, to file their principal brief, which is currently due June 12, 2026. Respondents do not oppose the alternative request for an extension. This is Petitioners' second request for an extension of the briefing deadline.

## BACKGROUND

Petitioners are two Haitian women who were lawfully paroled into the United States in 2024 under the Haitian Humanitarian Parole program. In July 2025, after their vehicle broke down while they were driving through Ohio, U.S. Immigration and Customs Enforcement agents arrested Petitioners and placed them in expedited removal proceedings under 8 U.S.C. § 1225(b)(1) rather than ordinary removal proceedings under 8 U.S.C. § 1229a.

On November 7, 2025, the district court granted Petitioners' motion for a preliminary injunction and granted in part their petition for a writ of habeas corpus under 28 U.S.C. § 2241, concluding that Petitioners were likely to succeed on their claim that, as noncitizens who had been paroled into the United States, they could not lawfully be subjected to expedited removal. Mem. Op. & Order, R.26. The

court ordered Respondents to place Petitioners in removal proceedings under 8 U.S.C. § 1229a and to provide them with bond hearings. *Id.* Petitioners were released from custody on November 14, 2025. They remain at liberty and in ordinary removal proceedings: E.V. has no hearings currently scheduled, and M.F.E. is not scheduled to appear before an immigration judge until July 2027.

Respondents appealed and filed their opening brief on April 14, 2026. The brief presents two issues: (1) whether 8 U.S.C. §§ 1252(a)(2)(A), (b)(9), (g), and (e) deprived the district court of jurisdiction over Petitioners' claims; and (2) whether the Immigration and Nationality Act and its implementing regulations authorize the application of expedited removal under § 1225(b)(1) to noncitizens paroled into the United States at ports of entry. Appellants' Br. 3. Following one prior extension, Petitioners' responsive brief is due June 12, 2026.

The merits question Respondents present is the precise question now pending before the D.C. Circuit in *CHIRLA*. In that case, the United States District Court for the District of Columbia held that 8 U.S.C. § 1225(b)(1) does not authorize the expedited removal of noncitizens who have been paroled into the United States, and it stayed under 5 U.S.C. § 705 the agency policies directing otherwise. *Coal. for Humane Immigrant Rights v. Noem*, 805 F. Supp. 3d 48 (D.D.C. 2025). The government appealed, and the D.C. Circuit denied its motion for a stay pending appeal. Order, *Coal. for Humane Immigrant Rights v. Noem*, No.

3

25-5289 (D.C. Cir. Sept. 12, 2025). Briefing in the D.C. Circuit is complete, the court heard oral argument on March 16, 2026, and the appeal is under submission awaiting decision.

The overlap between the two appeals is confirmed by Respondents' own brief. The district court below relied on the *CHIRLA* district court's analysis, and Respondents devote much of their merits argument to disputing that analysis, contending that the *CHIRLA* court misconstrued the statutory term "arriving" and that the district court below adopted the same reasoning. Appellants' Br. 17–18. Petitioners' responsive brief would, in substantial part, defend the very statutory interpretation that the D.C. Circuit is poised to address authoritatively.

## ARGUMENT

**I.     The Court Should Hold Briefing in Abeyance Pending the D.C. Circuit's Decision in CHIRLA.**

This Court has inherent authority to hold briefing in abeyance. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). That power does not depend on identity of parties or issues between the two proceedings. *Id.*; *see also Nken v. Holder*, 556 U.S. 418, 426 (2009) (recognizing courts' traditional power to hold matters in abeyance pending further

4

developments). This Court has exercised that authority where a decision from another court will resolve the controlling legal question. *See, e.g., In re Embry*, 831 F.3d 377, 378–79 (6th Cir. 2016) (directing that proceedings be held in abeyance pending a Supreme Court decision on the dispositive question). Other circuits have formalized the same practice. *See, e.g.*, 4th Cir. R. 12(d) (authorizing abeyance "pending disposition of matters before this Court or other courts which may affect the ultimate resolution of an appeal").

In evaluating a request for abeyance pending resolution of a related case, courts weigh (1) the potential for the other case to have a dispositive effect on the case to be stayed; (2) the judicial economy to be saved by awaiting a dispositive decision; (3) the public welfare; and (4) the hardship or prejudice to the party opposing the stay, given its duration. *Landis*, 299 U.S. at 254–55; *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004); *Latta v. U.S. Dep't of Educ.*, 653 F. Supp. 3d 435 (N.D. Ohio 2023). Each consideration favors abeyance here.

### A. The D.C. Circuit's decision is likely to be dispositive or to substantially narrow the issues.

Whether § 1225(b)(1) authorizes the expedited removal of noncitizens who were paroled into the United States is the heart of both appeals. A decision affirming the *CHIRLA* district court would strongly support affirmance here; a decision reversing it would frame and substantially narrow the questions this Court

must decide. Where a pending case has the potential to be completely dispositive, that factor weighs heavily in favor of a stay. *Latta*, 653 F. Supp. 3d 435.

The D.C. Circuit's decision will also bear on the jurisdictional issues Respondents raise. The narrow habeas review preserved by 8 U.S.C. § 1252(e)(2) includes whether a petitioner was ordered removed under § 1225(b)(1)—an inquiry that turns in part on the same statutory construction at issue in *CHIRLA*. Moreover, Congress channeled systemic challenges to the implementation of the expedited removal statute to the United States District Court for the District of Columbia, 8 U.S.C. § 1252(e)(3), with appellate review in the D.C. Circuit. The D.C. Circuit is therefore uniquely positioned to construe the statute, and its forthcoming decision is precisely the kind of authority to which this Court would accord great weight.

## B. Abeyance serves judicial economy.

Proceeding with briefing now would require the parties to brief, and this Court to decide, the same statutory interpretation question that the D.C. Circuit has already heard argued and is actively deciding. A stay is warranted where the answer to a pending question of law in another court could eliminate the need to address most of the legal issues presented. *Michael*, 325 F. Supp. 2d at 831–32. That is the case here: Respondents' merits argument is in substantial part a critique of the *CHIRLA* district court's reasoning, and Petitioners' response would

necessarily defend it. Within a short time, the D.C. Circuit will have spoken on that very dispute, and this Court will have the benefit of its analysis.

### C. The public interest favors abeyance.

The public has a strong interest in the uniform application of the immigration laws. This Court accords great weight to the decisions of other circuits on the same question and is reluctant to create intercircuit conflicts without strong cause. *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 278 (6th Cir. 2010). Deciding this appeal before the D.C. Circuit rules risks creating an unnecessary conflict on a question of national importance affecting tens of thousands of parolees—one that the D.C. Circuit, given its role under § 1252(e)(3), is uniquely situated to address. Awaiting that decision promotes consistency and avoids confusion about the rights and obligations of parolees and the government alike. *See Latta*, 653 F. Supp. 3d 435 (stay promotes judicial economy and prevents potentially inconsistent outcomes where the same issues are squarely before another court).

### D. Abeyance will prejudice no one; denying it will burden the parties and the Court.

A stay must not work damage to the opposing party, and it must be "so framed in its inception that its force will be spent within reasonable limits." *Landis*, 299 U.S. at 255, 257. Both requirements are satisfied. The status quo is stable: Petitioners were released from custody in November 2025, and are now in ordinary removal proceedings. E.V. has no hearings scheduled, and M.F.E. is not scheduled

to appear before an immigration judge until July 2027. Nothing in the underlying administrative proceedings will be affected by a brief pause in appellate briefing. Respondents, as the appellants, face only a short and bounded delay: the abeyance would extend only until the D.C. Circuit decides an appeal that has already been fully briefed and argued. Courts find no cognizable hardship where a stay is limited in duration and extends only until another court issues a pending decision. *Latta*, 653 F. Supp. 3d 435. By contrast, requiring the parties to complete briefing now—on issues the D.C. Circuit may authoritatively address within weeks—would impose needless burdens on the parties and on this Court.

Petitioners will file status reports every sixty days, or on any schedule the Court may direct, and will notify the Court within fourteen days of the D.C. Circuit's decision in *CHIRLA*, together with a proposed schedule for completing briefing.

**II. In the Alternative, the Court Should Grant a Fourteen-Day Extension of the Briefing Deadline.**

If the Court declines to hold briefing in abeyance, Petitioners respectfully request a fourteen-day extension of time, through and including June 26, 2026, to file their principal brief. Good cause supports this brief extension: counsel requires additional time to complete a responsive brief addressing both the jurisdictional and merits arguments raised in Respondents' opening brief, and a short extension

may permit the parties to account for an imminent decision in *CHIRLA*. This is Petitioners' second request for an extension, and Respondents do not oppose it.

**CONCLUSION**

For the foregoing reasons, Petitioners respectfully request that the Court hold briefing in this appeal in abeyance pending the D.C. Circuit's decision in *Coalition for Humane Immigrant Rights v. Noem*, No. 25-5289, subject to periodic status reports, or, in the alternative, extend the deadline for Petitioners' principal brief through and including June 26, 2026.

Respectfully submitted June 12, 2026.

*/s/ Brian J. Hoffman*

Brian J. Hoffman, Esq.
**OCSILiO**
P.O. Box 181247
Cleveland Heights, OH 44118
Ph: 330-539-3932
E-mail: brian@ocsilio.org
Counsel for Petitioners-Appellees

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,778 words, excluding the parts exempted by Fed. R. App. P. 32(f). This motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it was prepared in a proportionally spaced typeface, 14-point Times New Roman, using Microsoft Word.

*/s/ Brian J. Hoffman*
Brian J. Hoffman, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record, who are registered CM/ECF users.

*/s/ Brian J. Hoffman*
Brian J. Hoffman, Esq.