**U.S. Department of Justice**
Civil Division

DCE:TB:PS
39-57-2281_

*Washington, DC 20044*

October 16, 2026

**VIA CM/ECF**
Honorable Kelly L. Stephens, Clerk of Court
United States Court of Appeals for the Sixth Circuit
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 540
Cincinnati, Ohio 45202-3988

**Re: *E.V., et al v. Raycraft, et al.*, No. 26-3015**
**Rule 28j Letter**

Dear Ms. Stephens:

Defendants-Appellants inform the Court of the First Circuit's decision in *Alawieh v. Mullin*, -- F.4th --, 2026 WL 3059622 (1st Cir. Oct. 13, 2026) (attached). In that case, Alawieh challenged her expedited removal order based on the U.S. Constitution's Appointments Clause; she also claimed her expedited removal order "never issued since the [Customs and Border Patrol] officers lacked authority to remove her." *Id.* at *3.

The First Circuit held it was "barred from reviewing Alawieh's challenge to her expedited removal order by § 1252(a)(2)(A)(i), which precludes judicial review of 'any individual determination or ... any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1),' unless it fits within one of § 1252(e)(2)'s three narrow exceptions in habeas cases." *Id.* The court reasoned that "Alawieh challenges the validity of her expedited removal order, not whether it has issued," and therefore does not fall within the narrow exception at 8 U.S.C. § 1252(e)(2)(B), which preserves

review of "whether the petitioner was ordered removed" under 8 U.S.C. § 1225(b)(1). *Id.* The court further reasoned that "Congress had specified in § 1252(e)(5) 'that review [under § 1252(e)(2)(B)'s exception] should only be for whether an immigration officer issued that piece of paper [the expedited removal order] and whether the Petitioner is the same person referred to in that order,'" *id.* at *4 (quoting *Osorio-Martinez v. Att'y Gen.*, 893 F.3d 153, 164-65 (3d Cir. 2018)), and that "Alawieh's claims do not challenge whether the order was issued or relates to her," *Alawieh*, 2026 WL 3059622, at *3. Thus, she does not fall within § 1252(e)(2)(B)'s exception.

The First Circuit's analysis applies here. Like the alien in *Alawieh*, Petitioners challenge the "validity" of their expedited removal orders but do not contest that these orders were issued against them. Thus, the district court in this case lacked jurisdiction under 8 U.S.C. § 1252(a)(2)(A) to review the removal orders. *See* Defendants' Opening Brief at 20-26.

Sincerely,

_/s/ Papu Sandhu_
PAPU SANDHU
*Assistant Director*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
(202) 616-9357

BRETT A. SHUMATE
*Assistant Attorney General*
DREW C. ENSIGN
*Deputy Assistant Attorney General*
(202) 514-2000
TYLER BECKER
*Counsel to the Assistant Att'y General*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

Dated: October 16, 2026

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Rule 28(j) letter complies with the word limit of Federal Rule of Appellate Procedure 28(j) and Sixth Circuit local rules because it contains 347 words. The letter complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word 365 in proportionally spaced 14-point Century Schoolbook type.

/s/ *Papu Sandhu*
Papu Sandhu

Dated: October 16, 2026 Attorney for Defendants-Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2026, I electronically filed the foregoing 28(j) letter with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Papu Sandhu*
Papu Sandhu

Attorney for Defendants-Appellants